## No. 10,961.

### THE STATE OF LOUISIANA VS. ABRAHAM DONALD ET ALS.

In the allowance or rejection of new trials, particularly in cases resting upon the *sufficiency* of the evidence administered at the trial to justify a conviction, much reliance must be placed upon the discretion of the trial judge, and his ruling will not be reversed except in very clear cases of error.

APPEAL from the Twenty-sixth District, Court Parish of Jefferson. *Rost, J.*

W. H. *Rogers, Attorney General,* for the State, Appellee.

H. N. *Gautier* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. Appellant, Andrew *alias* Ben Ward, was jointly indicted with Donald, White and Dixon, for the murder of Cornelius Langman. There was a joint trial, and all the accused were acquitted

except Ben Ward, who was found guilty of manslaughter, and after an ineffectual attempt to obtain a new trial he was sentenced to five years at hard labor, from which sentence he appeals.

Appellant's contention is that the death was inflicted by a gunshot wound, the ball entering the cavity between the seventh (7th) and eighth (8th) ribs, "ranging in a *downward* direction of about 43 degrees."

"That the *only shooting done by the* accused was while he was standing at the foot (or base) of the levee, some fifteen feet below the deceased, who was standing on the top of the levee"—and from that hypothesis defendant's counsel argues the necessary incompatibility therewith of the verdict, and assigns this a *conclusive* reason why the trial judge should have granted the defendant a new trial.

The foregoing constitutes the purport of defendant's application for a new trial, and, as supporting that statement, there was annexed to his bill of exception the official certificate and *proces verbal* of the coroner.

Resting upon this certificate and the affidavit of the accused for the governing facts of the case, there is some plausibility for the defendant's contention; but in the record we find the affidavits of three, at least, of the eye-witnesses of the homicide, which are wholly at variance therewith.

One of these affiants says that in the course of a quarrel between several persons, whose names are given, "I left them. Neally (Langman) ran over his wife, knocking her down while doing so, with Abraham Donald and Andrew Ward pursuing him with drawn pistols shooting at him all the time. * * * Ward and Donald fired pretty near all the chambers of their revolvers."

Another of the affiants states that "Neally Langman came down the levee toward Andrew Waid with a drawn pistol. Some firing took place there. I can not say who fired first. Andrew Ward had his pistol drawn. I am certain they were both shooting at each other.

"Andrew Ward pursued Langman until he fell against his wife, and then jumped up and ran again, with Ward behind him, from the pigeon house to the store, where he fell. There Ward hit at Langman with the butt end of his pistol while running by. He then had both revolvers in his hands, having taken Langman's pistol from him," etc.

Another affiant states that "Ward ran down the levee, and as he reached the base of the levee, he half–wheeled around and Neally (Langman) went toward him—then they were shooting at arm's length. When Neally had fired his last shot he broke and ran, and Ward and Donald ran after him. Neally fell on his wife, and the others stumbled over him. Then Ward took the pistol away from him and hit him (Neally) over the head with the butt."

This testimony puts a wholly different phase on the affray from that stated in defendant's motion. The judge did not assign any reason for his overruling the motion. But on the foregoing statement we are of opinion that his ruling was manifestly just and correct.

Judgment affirmed.